HERBERT FITZGERALD, PLAINTIFF, v. WILBUR H. MA-
THESIUS, ACTING PROSECUTOR OF MERCER COUNTY,
DEFENDANT.

Superior Court of New Jersey
Law Division

Decided April 11, 1975.

*Messrs. Lenox, Giordano, Devlin, Delehey & Socey,* at-
torneys for plaintiff (*Mr. Charles Delehey* appearing).

*Mr. Wilbur H. Mathesius,* Acting Prosecutor, Mercer
County, and *William A. Zarling,* Assistant Prosecutor, Mer-
cer County, attorneys for defendant.

SCHOCH, A. J. S. C. This is a matter brought by complaint
in lieu of prerogative writs in which plaintiff demands judg-
ment on the first count for an order requiring defendant to
delete certain portions of the *Manual of Rules and Regula-*

*tions* promulgated by the Office of the Prosecutor of Mercer County, and an order prohibiting the prosecutor from dismissing plaintiff if and when plaintiff files a nominating petition for public office; and further, on the second count seeks to enjoin defendant from promulgating any further regulations that might bar plaintiff from seeking election to a public office.

The facts in this case are not in dispute.

Plaintiff has been employed as a county detective in the Mercer County Prosecutor's Office for more than seven years. He is a registered member of the Republican Party and wishes to file a nominating petition for the June 3, 1975 primary wherein he seeks to be a Republican candidate for the General Assembly from the 13th Assembly District, in the general election to be held in November 1975. Defendant has informed plaintiff that participation in the political elective process, namely, the filing of a petition for the June 3 primary, will constitute a violation of the aforesaid rules and regulations and will result in plaintiff's suspension or dismissal from employment in the Prosecutor's Office. Plaintiff moves for summary judgment.

The thrust of the complaint is that the defendant is (1) violating plaintiff's constitutional rights by enforcing these regulations, and (2) the regulations themselves are without any legal foundation, and consequently should not be, and cannot legally be, enforced by defendant.

The regulations toward which this complaint is directed are:

3:3.5    Political Activity — Members of the investigative staff shall not exhibit any election posters, signs or cards on any vehicle used in connection with their duties in the Prosecutor's Office.

3:3.5-1   Members of the investigative staff shall not work at the polls without special permission of the Prosecutor.

3:3.5-2   An employee during the hours of duty shall not engage in political activity; nor shall he at any other time participate in political activities so as to impair his usefulness in the position in which he is employed.

3:3.5-3   The duties of a law enforcement officer are fundamentally inconsistent with running for and serving in a political or elective office. Therefore, no assistant prosecutor, detective or investigator shall be permitted to run for elective office or primary while serving in any of the foregoing positions within the Mercer County Prosecutor's Office.

(1) As for the constitutional argument, plaintiff says that he has a constitutional right to run for public office, *N. J. Const.* (1947), Art. I, par. 2, assuming he meets the qualifications of the Constitution itself, *N. J. Const.* (1947). Art. IV, § I, par. 2. Defendant does not disagree with that premise but takes the position that if plaintiff wishes to do that, he will do it in some other capacity than as a detective working for the Prosecutor of Mercer County. From a constitutional standpoint I cannot see how those regulations are unreasonable or illegal, or unconstitutional for that matter. Similar prohibitions are in effect in other areas of public employment. The Hatch Act, for one, with respect to federal employees, 5 *U. S. C. A.* § 7234, and the *Rules of Court, R.* 1:17-1, with respect to court personnel, are just two examples of the restrictions that can constitutionally be placed on the political activities of persons involved in public employment. See *N. J. S. A.* 11:17-2, and 5 *C. F. R.* § 733.122. The constitutionality of those laws and rules has been upheld, so that I cannot find in this case any basis for ruling that the regulations promulgated by defendant are unconstitutional.

(2) Similarly, it seems to me that the regulations are reasonable. We are not talking here about a file clerk, and I do not mention that occupation in any derogatory sense, but we are not talking about an occupation that involves a nine-to-five employment with no contact with the public, with simply ordinary clerical work. We are talking about an occupation that is, first of all, not regulated by any time restrictions: a county detective is on call; he can be working 24 hours a day; he can work seven days a week if he is assigned to a particular case or a series of cases; but even be-

yond that, we have the problem of the type of duties of a detective in the Prosecutor's Office as contrasted with the approach that a candidate for political office has to make to the general public. I cannot see how those two situations are compatible.

First, the detective-candidate may find himself torn between the legitimate demands of his employment for his time, energies and diligence, and those same legitimate demands of his campaign. It is foolhardy to expect that anything as absorbing and exhausting as a political campaign could have other than a deleterious effect upon the quality and quantity of the work performed by the campaigner. Second, a detective is required by the terms of his employment to investigate the activities of persons in the community, to probe into their backgrounds and associates, to elicit information from others concerning them and, at times, to apprehend them. The success of many of his efforts may depend upon secrecy and confidentiality. Yet, the political candidate must strive to solicit funds, cultivate friends, keep a high public profile, speak out on public issues, project a desirable image and appeal for the support of the widest possible spectrum of the public. The areas of possible conflict are myriad. Third, a county detective is directed by statute to aid the prosecutor in the enforcement of the criminal laws, including the election laws. Surely, the potential conflicts for any candidate, even a perfectly honest one, are patent.

I find nothing unreasonable about the regulations. Consequently, I rule that the restrictions are, and the regulations are, valid and enforceable, and will enter judgment in favor of defendant.